IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 06, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
   DEPUTY CLERK

| | |
|---|---|
| **JEANNETTE LE GENDRE**, *as Administrator of the Estate of Jowell Travis Le Gendre*, <br> Plaintiff, <br><br> v. <br><br> **RICK WHITE**, *et al.*, <br><br> Defendants. | Case No. 7:25CV10008 <br><br> **OPINION AND ORDER** <br><br> JUDGE JAMES P. JONES |

*Jeannette Le Gendre, Pro Se Plaintiff*; D. Patricia Wallace, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, *for Defendants*.

The plaintiff, proceeding pro se, filed this action as the Administrator of the Estate of Jowell Travis Le Gendre. The plaintiff asserts claims against the defendants under 42 U.S.C. § 1983 and the Virginia Death by Wrongful Act statute, Va. Code Ann. § 8.01-50, following the death of her son, Jowell Travis Le Gendre, when he was incarcerated at Virginia's Red Onion State Prison. Currently pending are the following motions: (1) the defendants' Motion to Dismiss the Complaint, Dkt. No. 11; (2) the plaintiff's Motion for Extension of Time to Identify Doe Defendants, Dkt. No. 18; (3) the plaintiff's Motion for Leave to Conduct Limited Early Discovery to Identify Doe Defendants, Dkt. No. 20; and (4) the plaintiff's Motion for Leave to File an Amended Complaint, Dkt. No. 21.

Upon review, this case presents an issue with subject-matter jurisdiction that must be addressed. While not raised by the defendants in their Motion to Dismiss, the court has the independent duty to examine its own jurisdiction. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court.").

A personal representative cannot represent an estate without a lawyer, unless the pro se personal representative is also the sole beneficiary of the estate. *Wilkins v. United States*, No. 3:23cv549, 2023 WL 8531094, at *2–3 (E.D. Va. Dec. 8, 2023) (citing *Witherspoon v. Jeffords Agency, Inc.*, 88 F. App'x 659 (4th Cir. 2004) (unpublished). If a pro se personal representative does not demonstrate that she is the sole beneficiary of the decedent's estate, the court lacks subject-matter jurisdiction. *Id.* The plaintiff here has not alleged that she is the sole beneficiary in order to fall within this possible exception. In fact, her pleadings indicate that there are other beneficiaries and that the case is being brought for the decedent's family. Compl. ¶ 5, Dkt. No. 1; *Id.* at Ex. 1, Dkt. No. 1-2.; Am. Compl. Ex. 1 at 27, Dkt. No. 21-4.[1] Thus, the court does not have subject-matter jurisdiction to consider the plaintiff's claims.

---

[1] The beneficiaries of an award under the Virginia Wrongful Death Act may include, under certain conditions, the surviving spouse, children of the deceased, and the parents of the deceased. Va. Code Ann. § 8.01-53.

Accordingly, it is **ORDERED** that this case will be DISMISSED without prejudice.[2] All pending motions identified herein are DENIED without prejudice as moot. A separate judgment will be entered herewith.

ENTER: March 6, 2026

/s/  JAMES P. JONES
Senior United States District Judge

---

[2] The case may be refiled by an attorney, provided that the claims are brought within the applicable statute of limitations.