CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 20, 2026
LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **JEANNETTE LE GENDRE,** *as* | ) | |
| ***Administrator of the Estate of Jowell Travis*** | ) | |
| ***Le Gendre,*** | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 7:25CV10008 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **RICK WHITE,** *et al.***,** | ) | Judge James P. Jones |
| | ) | |
| Defendants. | ) | |

*Jeannette Le Gendre, Pro Se Plaintiff; D. Patricia Wallace,* Office of the Attorney General, *Richmond, Virginia, for Defendants.*

The plaintiff, proceeding pro se, filed this action as the Administrator of the Estate of Jowell Travis Le Gendre.  The plaintiff asserted claims against the defendants under 42 U.S.C. § 1983 and the Virginia Death by Wrongful Act statute, Va. Code Ann. § 8.01-50, following the death of her son, Jowell Travis Le Gendre, when he was incarcerated at Virginia's Red Onion State Prison.  The case was previously dismissed because the plaintiff had not alleged that she was the sole beneficiary of the decedent's estate in order to proceed as the estate's representative without a lawyer.  I dismissed the case without prejudice, advising that it may be refiled by an attorney, provided that the claims are brought within the applicable statute of limitations.  The plaintiff has now timely submitted a Motion to Alter or

Amend Judgment.[1]  The motion has been fully briefed by the parties and is ripe for consideration.

The defendants argue that under Virginia law, only the estate acting through its administrator has standing to bring claims as the "surrogate for the beneficiaries," and that an estate's claims cannot proceed pro se.  Resp. Opp. 3, Dkt. No. 42.  Indeed, "[u]nder Virginia law, wrongful death actions must be brought 'by and in the name of the personal representative' of the decedent"  and "[b]ecause only the personal representative of the decedent's estate may bring an action for wrongful death," a plaintiff bringing an action individually in her own name and not qualified as the estate's personal representative lacks standing.  *Wilkins v. United States*, No. 3:23cv549, 2023 WL 8531094, at *2 (E.D. Va. Dec. 8, 2023) (citing Va. Code Ann. § 8.01-50(b))*; see, e.g., McCallup v. Envoy of Williamsburg*, 841 F. App'x 586, 587 (4th Cir. 2021) (unpublished) (determining that a district court lacked subject matter jurisdiction over a wrongful death action, specifically where a plaintiff proceeding in her individual capacity lacked standing).  Here, it appears that the plaintiff is not bringing this cause of action individually, but as the personal representative of the decedent's estate, and she has provided a certificate of qualification indicating that

---

[1] The plaintiff simultaneously filed a Notice of Appeal, appealing the final Judgment.  The court of appeals thereafter advised the Clerk of this court that it will treat the Notice of Appeal as filed on the date this court disposes of the pending post-judgment motion.  Appeal Remark, Dkt. No. 41.

she has been duly qualified as the Administrator of the estate of the decedent in the Wise County and City of Norton Circuit Court.  Compl. Ex. 3, Dkt. No. 1-4.

However, a personal representative may not bring a wrongful death action pro se.  *Wilkins*, No. 3:23cv549, at \*2; *see also Kone v. Wilson*, 630 S.E.2d 744, 746 (Va. 2006) (determining that an estate's personal representative's "right of action existed only to permit him to prosecute the cause of action belonging to [the decedent's] statutory beneficiaries, and not to maintain any cause of action personal to [the personal representative] himself, he was not entitled to file the wrongful death action pro se").  There is an exception where the pro se representative is also the only beneficiary of the estate.  *Benton v. Layton*, 628 F.Supp.3d 661, 668 (E.D. Va. 2022) (distinguishing *Kone* and explaining that the plaintiff, who was both the personal representative and the sole beneficiary of the deceased's estate, had a personal interest in the action and, thus, could proceed pro se) (citing *Witherspoon v. Jeffords Agency, Inc.*, 88 F. App'x 659, 659 (4th Cir. 2004) (unpublished); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (determining that a parent cannot proceed pro se with respect to a § 1983 action where he was not the sole beneficiary of the decedent's estate). As previously explained, the plaintiff's pleadings did not demonstrate that she is the sole beneficiary, and I determined that she cannot proceed pro se as the estate's representative.

Despite the plaintiff's pleadings indicating that there are other beneficiaries, she now claims that she is the sole beneficiary of the decedent's estate and should be permitted to proceed with the case pro se.  The plaintiff concedes, however, that the decedent's father is "potential additional beneficiary" although she contends that he has not so far asserted any interest in the estate and his whereabouts are unknown. Mot. Recons. 2, Dkt. No. 39.

Pursuant to the Virginia Death by Wrongful Act statute, Va. Code Ann. § 8.01-53, any damages awarded if successful "shall be distributed to . . . the parents of the decedent," after determining that there is no surviving spouse, children, or children of any deceased child.  This distribution generally follows the course of descents under the laws of intestate succession and, unless one parent is deceased, parents determined to be the decedent's heirs would share equally in the estate.  Va. Code Ann. § 64.2-200.  Once duly qualified, a personal representative has certain duties to a decedent's estate and its beneficiaries.  *See In re Woodley*, 777 S.E.2d 560, 563 487 (Va. 2015) ("A personal representative 'must exercise the highest fidelity and utmost good faith in dealing with the estate . . . .'") (quoting *Va. Trust Co. v. Evans,* 69 S.E.2d 409, 414 (Va. 1952)).  One requirement of the personal representative is to provide written notice of qualification or probate and notice of entitlement to copies of wills, inventories, accounts, and reports to the decedent's living heirs at law.  Va. Code Ann. § 64.2-508(A)(2).  The personal representative

must "exercise [] reasonable diligence" to determine the name and address of any person to whom notice is required. Va. Code Ann. § 64.2-508(F).

A beneficiary may "renounce his interest," and any damages received in a wrongful death action would then be distributed to the beneficiaries in the same class as the renouncing beneficiary. Va. Code Ann. § 8.01-53(C). Additionally, "[i]f a parent willfully deserts or abandons his minor or incapacitated child and such desertion or abandonment continues until the death of the child, the parent shall be barred of all interest in the child's estate by intestate succession." Va. Code Ann. § 64.2-308.17.

Here, because the decedent's father may be living, although his whereabouts may be unknown, the plaintiff did not provide evidence that she has exercised due diligence to locate him and provide notice as required by Virginia law. Although the decedent's father may be deceased, may have renounced his interest, or may have abandoned his child, there is no evidence before the court of that nature.

Accordingly, for the reasons stated, it is **ORDERED** that the Motion to Alter or Amend Judgment, Dkt. No. 39, is DENIED. The Clerk shall send a copy of this Opinion and Order to the Clerk of the United States Court of Appeals for the Fourth Circuit.

ENTER:  April 20, 2026

/s/  JAMES P. JONES
Senior United States District Judge

-5-